**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIAN HORNEA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GOL LINHAS AÉREAS INTELIGENTES S.A., PAULO SERGIO KAKINOFF, and RICHARD F. LARK, JR.,<br><br>    Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Lucian Hornea ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding GOL Linhas Aéreas Inteligentes S.A. ("GOL" or the "Company"), and information readily obtainable on the

Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded GOL securities between March 14, 2019 and July 22, 2020, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased GOL securities during the Class Period and was economically damaged thereby.

7.     Defendant GOL purports to provide air passenger transportation services in Brazil, the rest of South America, the Caribbean, and the United States. GOL is incorporated in the Federative Republic of Brazil with headquarters at Praça Comandante Linneu Gomes, S/N, Portaria 3, Jardim Aeroporto, 04626-020, São Paulo, São Paulo, Federative Republic of Brazil. GOL's securities trade on New York Stock Exchange ("NYSE") under the ticker symbol "GOL."

8.     Defendant Paulo Sergio Kakinoff ("Kakinoff") served as the Company's Chief Executive Officer ("CEO") throughout the Class Period.

9.     Defendant Richard Freeman Lark Jr. ("Lark") served as the Company's Chief Financial Officer ("CFO") throughout the Class Period.

10.     Defendants Kakinoff and Lark are collectively referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

> (a)     directly participated in the management of the Company;
>
> (b)     was directly involved in the day-to-day operations of the Company at the highest levels;
>
> (c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     GOL is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to GOL under *respondeat superior* and agency principles.

14.     Defendants GOL and the Individual Defendants are collectively referred to herein as "Defendants."

<div align="center">

**SUBSTANTIVE ALLEGATIONS**
**Materially False and Misleading**
**Statements Issued During the Class Period**

</div>

15.     On March 14, 2019, the Company filed its annual report on Form 20-F for the year ended December 31, 2018 with the SEC (the "2018 20-F"). The 2018 20-F was signed by Defendants Kakinoff and Lark. The 2018 20-F contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Kakinoff and Lark attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls

over financial reporting, and the disclosure of all fraud.

16.     As to internal controls, the 2018 20-F stated that "management believes that, as of December 31, 2018, our internal control over financial reporting is effective based on those criteria," and that "our disclosure controls and procedures at December 31, 2018 are effective to ensure that we are able to collect, process and disclose the information we are required to disclose in the reports we file with the SEC within the required time periods."

17.     On July 31, 2020, GOL announced consolidated financial results for the second quarter of 2020. The release stated, in pertinent part:

Strong capacity management discipline led to 78% load factor

Daily flights increase from 50 to 120 in the 2Q20

Company maintains strong cash position

SÃO PAULO, July 31, 2020 /PRNewswire/ -- GOL Linhas Aéreas Inteligentes S.A. ("GOL" or "Company") (NYSE: GOL and B3: GOLL4), Brazil's largest domestic airline, today announced consolidated results for the second quarter of 2020 (2Q20) and outlined its continued initiatives in response to the COVID-19 global pandemic.

\*       \*       \*

"Our second quarter results are a reflection of the severe impact that COVID-19 is having on Brazil's economy, the air transportation industry and our Company. To offset the steep decline in revenues, we took several measures to decrease costs and preserve liquidity as we manage through this crisis. We reduced our average daily cash expenditures to R$3 million in 2Q20, while taking all the necessary measures to offer a safe and comfortable flight experience. Customer demand is returning, and we are gradually increasing our capacity as a result," said Paulo Kakinoff, GOL's CEO.

GOL maintained a strong liquidity position, enabled in part by the broad support from many of its stakeholders, ending the quarter with R$3.3 billion in cash and receivables. The Company also amortized R$304 million of principal and R$47 million in interest on debt and leases in the quarter.

Added Kakinoff: "GOL's financial resiliency in this market affirms the value of the work we have been doing to strengthen our balance sheet over the last four years, not just the past four months. The continued dedication of the Company's Employees and the support of our many stakeholders will be critical as we navigate through these unprecedented times and position GOL for continued future growth."

18.     On October 31, 2020, GOL announced consolidated financial results for the third quarter

of 2020. The release stated, in pertinent part:

Net revenue was R$3.7 billion, the highest ever recorded by the Company, and an increase of 28.3% over 3Q18. GOL carried 9.8 million Customers in the quarter (+13.0% over 3Q18), with 9.2 million in the domestic market (+11.4% over 3Q18) and 0.6 million in the international market (+48.6% over 3Q18). Net Revenue per Available Seat Kilometer (RASK) was 27.67 cents (R$) in 3Q19, an increase of 19.2% over 3Q18. Net Passenger Revenue per Available Seat Kilometer (PRASK) was 26.12 cents (R$) in 3Q19, an increase of 20.4% over 3Q18. The net revenue guidance for 2019 is approximately R$13.7 billion.

19.     On February 20, 2020, GOL announced consolidated financial results for the fourth

quarter of 2019. The release stated, in pertinent part:

February 20, 2020 – São Paulo - GOL Linhas Aéreas Inteligentes S.A. ("GOL" or "Company") (NYSE: GOL and B3: GOLL4), Brazil's largest domestic airline, today announces its consolidated results for the fourth quarter of 2019 (4Q19). Net revenue was R$3.8 billion, the highest quarterly revenue ever recorded by the Company, and an increase of 18.8% compared to 4Q18. In 4Q19, recurring earnings per diluted share were R$0.88 and recurring earnings per diluted ADS were US$0.43.

"Our record revenues this quarter rounds out what has been an outstanding year in GOL's history," said the Company's CEO, Paulo Kakinoff. "It's testament to our team delivering exceptional customer experience, combined with GOL's low-cost operating model and sophisticated fleet management, that are powering our growth, in both domestic and international markets."

                              *       *       *

In 4Q19, recurring earnings per diluted share were R$0.88 and recurring earnings per diluted ADS were US$0.43. Operating activities generated R$1.0 billion in cash in the quarter. From the net cash flow generation of R$637.3 million in 4Q19, we repaid R$617.1 million in debt, paid R$50.2 million of interest on own capital, and repurchased R$102.4 million of shares. Before share repurchases and interest on own capital, free cash flow to equity was R$219.2 million. On

December 31, 2019, total liquidity was R$4.3 billion, R$1.3 billion higher than on December 31, 2018.

"We continue to strengthen the Company's equilibrium through disciplined working capital management and capital structure optimization," added Lark.

In February 2020, GOL signed sale and leaseback agreements for 11 Boeing 737 Next Generation (NG) aircraft. The transaction will reduce GOL's net debt by approximately R$500 million, comprised of a R$130 million reduction in finance lease debt and a R$370 million increase in cash liquidity. The Company plans to use a portion of these proceeds to call the outstanding amount of its 8.875% Senior Notes due in 2022. The asset management income and reduction in interest expense will contribute over R$420 million to the Company's 2020 earnings and improve GOL's credit ratios by reducing the net debt/EBITDA ratio by 0.2x and increase the EBITDA/net interest expense ratio by 0.5x.

The results obtained in GOL's aircraft disposals demonstrate the consistent market value of the Boeing 737 aircraft and the continuous creation of value for all GOL shareholders. Making GOL The First Airline For Everyone is what drives our best-in-Brazil aviation team. "We are, and will continue to be, an even stronger Company," said Lark.

20.     The statements contained in ¶15-19 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) GOL had material weaknesses in its internal controls; (2) there was substantial doubt as to the Company's ability to continue to exist as a going concern because of negative net working capital and net capital deficiency; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

21.     On June 16, 2020, GOL filed a Notification of Late Filing on Form 12b-25 with the

SEC, stating that it could not timely file its annual report for fiscal year 2019. The Company

stated, in relevant part:

> GOL Intelligent Airlines Inc. (GOL Linhas Aéreas Inteligentes S.A.) (the
> "Registrant") respectfully notifies the U.S. Securities and Exchange
> Commission that it is unable to timely file, without unreasonable effort and
> expense, its annual report on Form 20-F for the fiscal year ended December 31,
> 2019 (the "2019 Annual Report"). The Registrant requires additional time to
> complete its evaluation and review with its independent auditor of (i) the
> effectiveness of the Registrant's internal control over financial reporting as of
> December 31, 2019 and (ii) certain disclosures in the 2019 Annual Report,
> including a potential going concern emphasis by the Registrant's independent
> auditor in its audit opinion to be included in the 2019 Annual Report.
>
> In this context, the Registrant's independent auditor has informed the Registrant's
> management and audit committee that *(i) the independent auditor's report on the
> Registrant's internal control over financial reporting as of December 31, 2019
> will probably include one or more material weaknesses and (ii) the independent
> auditor's report on the Registrant's consolidated financial statements as of and
> for the year ended December 31, 2019 will probably include an emphasis
> paragraph regarding the Registrant's ability to continue as a going concern*.
>
> The Registrant expects to file its 2019 Annual Report within the extension period
> of 15 calendar days as provided under Rule 12b-25 under the U.S. Securities
> Exchange Act of 1934, as amended.
>
> (Emphasis added.)

22.     On this news, shares of GOL stock fell $0.27 per share or 3.5% to close at $7.30 per

share on June 16, 2020.

23.     On June 29, 2020, after the market closed, GOL filed its annual report for the fiscal year

ending December 31, 2019 on Form 20-F with the SEC (the "2019 20-F"). There, GOL

disclosed several material weaknesses in its internal controls, stating, in relevant part:

> *Controls over Information Technology*. We identified a material weakness related
> to our general information technology controls, or GITC, over operating systems,
> databases and applications. This material weakness was a result of inadequate risk
> assessment and resulted in deficiencies related to inadequate periodic reviews of
> access rights and, when inappropriate access rights were identified, the absence of
> impact analyses, gaps in control coverage in the case of certain servers hosting
> company systems and absence of certification and accreditation procedures over

controls for segregation of duties in certain systems, which affected reviews of access conflicts and access rights adjustments. These deficiencies also affected the effectiveness of business process automated controls, manual controls with an automated component and the database of the reports that were used to execute some automated and manual controls.

*Controls Related to Authorizations and Administrative Functions Granted to the Chairman of Our Board of Directors*. We identified a material weakness in our control environment related to certain authorizations and administrative functions granted to the chairman of our board of directors, including the ability to initiate and approve certain transactions, and act as power of attorney on behalf of the Company. The existence of these authorizations and administrative functions granted to the chairman of our board of directors resulted in the board of directors not maintaining adequate independence from and oversight of management in accordance with COSO 2013, and, if used inappropriately, those authorizations and administrative functions could have had a material effect on our consolidated financial statements.

*Policies and Procedures Related to Consolidated Financial Statements Preparation*. We identified a material weakness in our control environment related to ineffective policies and procedures over the preparation and review of our consolidated financial statements. Specifically, we did not have (i) effective policies and procedures related to the identification and disclosure of material uncertainties in the going concern analysis and (ii) effective review of financial statement information, and related presentation and disclosure requirements.

24.     In the 2019 20-F, KPMG stated the following with respect to the Company's ability to exist as a going concern:

The accompanying consolidated financial statements have been prepared assuming that the Company will continue as a going concern. As discussed in Note 1 to the consolidated financial statements, the Company has a negative net working capital and has a net capital deficiency that raise substantial doubt about its ability to continue as a going concern. Management's plans in regard to these matters are described in Note 37. The consolidated financial statements do not include any adjustments that might result from the outcome of this uncertainty.

25.     On this news, shares of GOL fell $0.14 per share, or 2%, to close at $6.78 per share on June 30, 2020.

26.     On July 23, 2020, GOL announced that it had dismissed KPMG Auditores Independentes as the Company's registered auditing firm. The Company stated, in pertinent part:

On July 6, 2020, the audit committee of the board of directors of GOL Linhas Aéreas Inteligentes S.A. (the "Company") dismissed KPMG Auditores Independentes ("KPMG") as the Company's independent registered public accounting firm.

KPMG's audit report dated June 29, 2020 on the Company's consolidated financial statements as of and for the fiscal year ended December 31, 2019 did not contain an adverse opinion or disclaimer of opinion and was not qualified or modified as to uncertainty, audit scope or accounting principles, except that it contained a separate paragraph stating that "the Company has a negative net working capital and has a net capital deficiency that raise substantial doubt about its ability to continue as a going concern. Management's plans in regard to these matters are described in Note 37. The consolidated financial statements do not include any adjustments that might result from the outcome of this uncertainty." It also contained a separate paragraph stating that "As discussed in Note 4.26.1 to the consolidated financial statements, the Company has changed its method of accounting for lease arrangements as of January 1, 2019 due to the adoption of IFRS 16, *Leases*."

KPMG's audit report dated June 29, 2020 on the effectiveness of the Company's internal control over financial reporting as of December 31, 2019 did not contain an adverse opinion or disclaimer of opinion and was not qualified or modified as to uncertainty, audit scope or accounting principles, except that, as previously disclosed, KPMG's audit report indicates certain material weaknesses in the Company's internal control over financial reporting as of December 31, 2019 relating to general information technology controls, certain authorizations and administrative functions granted to the chairman of the board of directors and ineffective policies and procedures related to the preparation and review of the consolidated financial statements. The Company's audit committee discussed the material weaknesses with KPMG and the Company has authorized KPMG to respond fully to inquiries of the successor independent registered public accounting firm.

27.     On this news, shares of GOL fell $.055 per share, or 7%, to close at $7.25 per share on July 23, 2020.

28.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired GOL securities publicly traded on NYSE during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of GOL, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

30.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, GOL securities were actively traded on NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

31.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

32.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

33.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business GOL;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused GOL to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of GOL securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

34.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

35.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- GOL shares met the requirements for listing, and were listed and actively traded on NYSE, a highly efficient and automated market;

- As a public issuer, GOL filed periodic public reports with the SEC and NYSE;

- GOL regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- GOL was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

36.     Based on the foregoing, the market for GOL securities promptly digested current information regarding GOL from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

37.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I
### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

40.      During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately

disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

41.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of GOL securities during the Class Period.

42.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of GOL were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of GOL, their control over, and/or receipt and/or modification of GOL's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning GOL, participated in the fraudulent scheme alleged herein.

43.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the

alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other GOL personnel to members of the investing public, including Plaintiff and the Class.

44.     As a result of the foregoing, the market price of GOL securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of GOL securities during the Class Period in purchasing GOL securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

45.     Had Plaintiff and the other members of the Class been aware that the market price of GOL securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased GOL securities at the artificially inflated prices that they did, or at all.

46.      As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

47.     By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of GOL securities during the Class Period.

### COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

48.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     During the Class Period, the Individual Defendants participated in the operation and management of GOL, and conducted and participated, directly and indirectly, in the conduct of

GOL's business affairs. Because of their senior positions, they knew the adverse non-public information about GOL's misstatement of revenue and profit and false financial statements.

50.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to GOL's financial condition and results of operations, and to correct promptly any public statements issued by GOL which had become materially false or misleading.

51.      Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which GOL disseminated in the marketplace during the Class Period concerning GOL's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause GOL to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of GOL within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of GOL securities.

52.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by GOL.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: September 11, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
lrosen@rosenlegal.com

*Counsel for Plaintiff*